### SCOTT *et al. v.* WHIPPLE, receiver.

CANDLER, J. In a suit pending in Dooly superior court, in which a receiver had been appointed, the receiver was, by a special order of court, directed to deposit certain funds in a named bank, " upon said bank giving good and solvent bond and security to the receiver for the forthcoming of said money, said security to be approved by the receiver." The deposit was made, the receiver having first taken a bond with the plaintiffs in error as securities, the condition of the bond being that the depository bank " shall well and truly account for all moneys, funds, and notes which may be deposited with it by said receiver, and shall pay and apply such money and funds as directed by said receiver promptly upon his demands, and do and perform its functions as depository . . according to the true intent and meaning of " the order directing the receiver to make the deposit. The receiver at first made a demand deposit, but subsequently, at the solicitation of an officer of the bank, and with no consideration moving to him, changed it to a time deposit bearing no interest.   Before the time certificate matured the bank failed, and the receiver made demand upon it, and upon the securities on the bond, for the amount then on deposit to his credit as receiver, which was refused, and he brought suit for the breach of the bond. The defendants introduced no evidence.   *Held:*   It was not error to direct a verdict for the plaintiff for the amount of money shown by the undisputed evidence to have been on deposit to the receiver's credit when the bank failed.   In the light of the court's order, which was recited in the bond, and of the express condition of that instrument, the independent transaction between the receiver and the bank, by which a demand deposit was changed to a time deposit, in no way affected the obligation of the securities on the bond, which was that the money on deposit should be forthcoming whenever the receiver should demand it.

*Judgment affirmed.   All the Justices concur, except Simmons, C. J., absent.*

Argued January 16, — Decided February 13, 1904.

Action on bond.     Before E. A. Hawkins, judge pro hac vice. Dooly superior court.   February 24, 1903.

*Guerry & Hall, J. G. Jones,* and *DeLacy & Bishop,* for plaintiffs in error.

*Bacon, Miller & Brunson* and *W. C. Nottingham,* contra.